UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00191-KDB-DCK

| | |
|---|---|
| JOSHUA S. IRELAND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>CRYSTAL BEALE, )<br>)<br>Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

I. BACKGROUND

Pro se Plaintiff Joshua S. Ireland ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Lincoln Correctional Center in Lincolnton, North Carolina. He filed this action for violation of his constitutional rights on December 22, 2022, against Defendant Crystal S. Beale, identified as an Assistant District Attorney in Statesville, North Carolina. [Doc. 1]. Plaintiff alleges as follows. He had a probable cause hearing on March 31, 2021, but he was not indicted until March 21, 2022. Plaintiff, therefore, remained in custody for 355 days with no court date. Plaintiff did not receive a plea offer during this time and "sat in jail for the last year with no ability to move [his] case forward" due to "lost paperwork." [Id. at 5]. Plaintiff makes no allegations of specific conduct by Defendant Beale. [See id.].

Plaintiff claims that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated. [Id. at 3, 5]. For injuries, Plaintiff alleges mental and emotional injury; losing his employment, wages, and his house; and feeling like he is being targeted by the state. [Id.]. For

relief, Plaintiff seeks money damages and mental health treatment. [Id. at 6].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Complaint fails initial review.

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

First, Plaintiff has not stated any claim for relief under the Fifth, Sixth, Eighth, or

2

Fourteenth Amendments. Plaintiff alleges only that there was a delay between his probable cause hearing and his indictment in state court due to "lost paperwork." He does not allege that he was falsely arrested or imprisoned and/or that he was ultimately released from custody without being charged or convicted. Rather, it appears that Plaintiff was, in fact, convicted of the charges for which he was ultimately indicted.[1] Moreover, while the denial of a right to a speedy trial is relevant on a criminal appeal, see State v. Webster, 337 N.C. 674, 678-79 (1994), such a delay does not create a private right of action, particularly where the defendant is ultimately convicted of the subject charges and has not been subjected to superfluous incarceration, in any event. See Washington v. Cline, 267 N.C. App. 370, 833 S.E.2d 219 (2019) ("Consistent with federal case law, we decline to recognize a private cause of action in connection with the deprivation of the right to a speedy trial as guaranteed by [the] North Carolina Constitution.").

Second, Plaintiff makes no allegations against Defendant Beale. Even if Plaintiff had stated allegations against Defendant Beale, a claim against her would be barred by prosecutorial immunity in any event. Imbler v. Pachtman, 424 U.S. 409, 419 (1976). As such, Plaintiff's claim against Defendant Beale is barred by prosecutorial immunity and she will be dismissed as a Defendant on those grounds.

Third, to the extent Plaintiff claims he is being falsely imprisoned, such claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

---

[1] The North Carolina Department of Adult Correction inmate locator provides that Plaintiff was convicted on May 24, 2022 for Stalking (Principal) and has a projected release date of June 16, 2025.

3

> determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 486-87 (footnotes omitted; emphasis added). Here, to the extent Plaintiff challenges the state proceedings, a judgment in Plaintiff's favor would necessarily imply the invalidity of the conviction in Plaintiff's underlying criminal matter. It appears, however, that Plaintiff was convicted on the allegedly belated state charges and Plaintiff does not allege that this conviction has been reversed or otherwise invalidated. Therefore, Plaintiff's Complaint would also be barred by <u>Heck</u>.

The Court, therefore, concludes that Plaintiff has failed to state a claim for relief, that Plaintiff's Complaint is barred by prosecutorial immunity, and that the Complaint may be barred by <u>Heck</u>. The Court will allow Plaintiff one opportunity to amend his Complaint in accordance with the Order of this Court. <u>See</u> <u>Green v. Wells Fargo Bank, N.A.</u>, 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and

will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Defendant Beale is **DISMISSED** as a Defendant in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED.**

Signed: January 30, 2023

Kenneth D. Bell
United States District Judge